UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff/Respondent,

v.                                                    Criminal Case No. 13-20246
                                       Civil Case No. 14-14385
James O. Harper,

                                       Sean F. Cox
       Defendant/Petitioner.        United States District Court Judge

_____/

**OPINION & ORDER**
**DENYING MOTION UNDER 28 U.S.C. § 2255**

This is a habeas petition made pursuant to 28 U.S.C. § 2255. Petitioner James Otis Harper ("Petitioner") filed his habeas petition acting *pro se*, asserting that he is entitled to relief from his convictions and sentences for distribution of cocaine base based on the ineffective assistance of his trial counsel. Specifically, Petitioner's motion argues that his counsel was ineffective because counsel: 1) did not object to prejudicial statements by the Government during sentencing; 2) did not object to application of the Career Offender Enhancement or to Petitioner's criminal history score; and 3) failed to file a notice of direct appeal on his behalf even though he had been instructed to do so (the "Appeal Notice Claim"). Petitioner also claims that the Government breached the Rule 11 Plea Agreement by making prejudicial statements regarding Petitioner's criminal history at the Sentencing Hearing. The motion was fully briefed by the parties.

In an Order issued on August 11, 2015, this Court appointed counsel for Petitioner. In an Order issued on September 4, 2015, this Court granted Petitioner's request for a limited evidentiary hearing on the issue of whether Petitioner instructed his trial counsel to file a notice

of appeal on his behalf and that evidentiary hearing was scheduled to take place on November 3, 2015. On October 6, 2015, however, after conferring with counsel, Petitioner withdrew his Appeal Notice Claim and requested that the Court cancel the limited evidentiary hearing. (*See* Docket Entry Nos. 57 & 58). As such, the Court cancelled the hearing and Petitioner's remaining claims are now ripe for a decision by this Court.

For the reasons set forth below, the Court finds those claims without merit. Accordingly, the Court shall DENY Petitioner's § 2255 Motion.

## BACKGROUND

The background facts are largely undisputed. On five separate dates in late 2011 and early 2012, Petitioner made several sales of cocaine base (also known as crack cocaine) to an undercover officer. (Indictment, Doc. #19). A criminal complaint was filed on September 27, 2012 detailing four of those sales. (Crim. Compl., Doc. #2).

On April 2, 2013, a grand jury returned a five-count indictment charging Petitioner with five counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). (*Id.*). Petitioner was detained pending trial after violating the conditions of his bond. (Petition for Action by Pretrial Services, Doc. #13; Order of Detention, Doc. #16).

Initially, Petitioner's appointed counsel was David I. Lee. (Atty. Appearance, Doc. #21). On May 28, 2013, this Court granted David I. Lee's motion to withdraw as counsel for reasons stated on the record during the motion hearing. (Order, Doc. #26). Attorney Steven E. Scharg ("Scharg") was appointed to replace David I. Lee as Petitioner's counsel. (Doc. #27). Scharg remained Petitioner's counsel through the remainder of the case.

On July 10, 2013, Petitioner pleaded guilty to Count Five of the Indictment. (Rule 11 Plea

2

Agreement, Doc. #30).  As part of the Plea Agreement, the Government agreed to dismiss Counts

One through Four of the Indictment.  (Doc. #30 at 5).

     The agreed-upon Guidelines Range in the Plea Agreement was 188-235 months.  (Doc. #30

at 3).  On Worksheet "D" of the Plea Agreement, entitled "Guideline Range," section 5, Petitioner's

Total Offense Level was 31 and the Criminal History Category was VI.   The Total Offense Level

was calculated as follows: Petitioner pleaded guilty to distribution of at least 196 grams or more of

cocaine base, which produced a Base Offense Level of 30.  U.S.S.G. §§ 2D1.1(a), (c)(5).  With an

Acceptance of Responsibility[1] reduction of three levels, Petitioner's Total Offense Level became

27.  (Doc. #30 at Pg ID 57).  However, the Career Offender Enhancement was applied, which raised

Petitioner's Base Offense Level to 31.  U.S.S.G. § 4B1.1(b); Doc. #30 at Pg ID 57 section 5.

     At the Plea Hearing, the parties notified the Court that there was a disagreement about the

application of the Career Offender Enhancement. (Plea Hrg. Trans., Doc. #49 at 4).  However, the

parties also agreed that the Sentencing Guidelines as scored represented the "worst case scenario"

and that Petitioner would not appeal his conviction and sentence as long as the sentence imposed

did not exceed that set forth in the Plea Agreement:

| Mr. Scharg: | Judge, if I may, there was one caveat to the plea is we are agreeing to the Rule 11 Agreement.  My client has an issue with regard to the guidelines.  He understands that the probation will make a thorough investigation.  But he does want to plead guilty.  But he just disagreed with the guideline range. |
|---|---|
| The Court: | Okay.  is part of the agreement, the Rule 11, just help me out here; is apparently there may be an issue or there is an issue regarding the scoring of the guidelines? |

---

[1] U.S.S.G. § 3E1.1.

| | |
|---|---|
| Mr. Scharg: | That's correct, Your Honor. |
| The Court: | Okay. |
| Mr. Chadwell: | We've scored it in the worst case scenario, Your Honor.  So there - - it can only go down from here. |
| The Court: | Okay. |
| Mr. Chadwell: | We don't think it can go up.  Because he's currently scored at a career offender.  And that depends on whether he has two prior possession with intent to distribute cocaine convictions.  He thinks he has only one.  We weren't able to resolve that.  Our records show two.  And probation is going to have to look into it and see if it's one or two.  It takes two to be a career offender. If he's not a career offender, the guidelines will drop. |
| The Court: | Okay.  My question is to you; say the guideline issues have resolved by the time of sentencing, and it ends up being resolved  - - obviously it could end up being resolved by me.  Is he agreeing not to appeal my determination of the guidelines or is there - - is there going to be a reservation to appeal? |
| Mr. Chadwell: | It's my understanding there would be no appeal as long as Your Honor does not sentence higher than the plea agreement. |
| The Court: | The top of the guidelines. |
| Mr. Chadwell: | Yes. |
| Mr. Scharg: | That's correct, Your Honor. |
| The Court: | Okay.  Great.  Great.  Any questions so far, Mr. Harper? |
| Defendant Harper: | No, sir. |

(Plea Hrg. Trans. at 4–5).  After accepting Petitioner's guilty plea, the Court confirmed with

4

Petitioner that he had read and understood the sentencing guidelines as they were calculated and set

forth in the Plea Agreement:

| The Court: | All right. Now, could you please turn to page three, paragraph two (b) "agreed guideline range"? Do you see where it reads, "Defendant's sentencing guideline range is 188 to 235 months." Do you see that? |
|---|---|
| Defendant Harper: | Yes, sir. |
| The Court: | And of course, the guidelines are advisory. However, has Mr. Scharg explained to you the significance of guidelines in sentencing? Have you discussed the significance of guidelines, sentencing guidelines in sentencing? Did he discuss that with you? |
| Defendant Harper: | Yes. |

(Plea Hrg. Trans. at 14–15). The Court also read to Petitioner the portion of the Plea Agreement

regarding waiver of appellate rights:

| The Court: | Okay. And finally, could you please turn to page six, paragraph six, which [sic] entitled "waiver of appeal"? Do you see that? |
|---|---|
| Defendant Harper: | Yes. |
| The Court: | Okay. It reads, "Defendant being you, waives any right he may have to appeal this conviction. If the sentence imposed does not exceed the maximum allowed by part three of this agreement, defendant being you, also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by paragraph two (b), the government agrees not to appeal this sentence, but retains the right to appeal any sentence below that range." Sir, did you hear what I just read to you? |
| Defendant Harper: | Yes, I did, sir. |

5

| The Court: | Any questions? |
|---|---|
| Defendant Harper: | No, sir. |
| The Court: | Again, do you have any questions regarding anything contained in the Rule 11 Agreement as well as the attached worksheets? |
| Defendant Harper: | No, sir. |

(Plea Hrg. Trans. at 15–16).

On November 20, 2013, prior to the sentencing hearing, Petitioner filed a Motion for Downward Variance. (Doc. #33). In that Motion, Petitioner argued that application of the Career Offender Enhancement in calculating the guidelines range resulted in an unnecessarily harsh guideline range because it was based on two of Petitioner's prior felony convictions (both in Tennessee, one in state court and one in federal court) that actually arose out of the same conduct. (Doc. #33).

At the November 22, 2013 Sentencing Hearing, Petitioner's trial counsel, Scharg, further explained the basis for his motion for variance to the Court:

> . . . we filed a motion for variance in this matter due to the fact that my client had two prior convictions on this presentence report. One was a federal case dealing with narcotics. And the other one was a state case, both arising out of the State of Tennessee. Same facts, same circumstances. And because of that, he was given career offender status. We're arguing to the Court that due to the fact that they both were out of the same -- actually the facts and circumstance, we would ask you to take that into consideration at the time of sentencing and ask the Court to move for a variance in this matter.

(Sentencing Hrg. Trans., Doc. #50 at p. 5). Kenneth Chadwell, the Government's attorney, agreed that Petitioner should receive a variance:

> Your Honor, we have no -- also have objection to the presentence report. We

6

think Mr. Scharg has made some good points. That there is a little bit of overstatement of criminal history. I do note the defendant's category five all by himself. But yes, the career offender has bumped him up somewhat.

I do note that by us not filing our enhancement, which we have agreed not to do as part of the plea agreement, we have saved him three points that he would have had under career offender. It would have increased the career offender more, but we didn't do that. And he has already received acceptance of responsibility.

But yes, I think Your Honor could give him some additional consideration for the fact that these two convictions kind of happened at the same time, because we want to treat him in accordance with other people in a similarly situated as well.

(Sentencing Hrg. Trans. at 5–6).

The Court granted Petitioner's Motion for Downward Departure on the record. (Sentencing Hrg. Trans. at 6). The parties agreed that, Petitioner's motion having been granted, the sentencing guidelines range became 168-210 months. (Sentencing Hrg. Trans. at 6). Scharg made no other objections to the Presentence Investigation Report. Petitioner was asked whether he had any objections, additions, corrections or deletions to the PSR, to which he responded, "No, sir. Just the situation he stated about the variance. That's all." (Sentencing Hrg. Trans. at 7).

The Court sentenced Petitioner to 168 months' imprisonment. (Sentencing Hrg. Trans. at 12; Judgment, Doc. #34). After the Court announced Petitioner's sentence, it reiterated the waiver of appeal provision of the Rule 11 Plea Agreement to Petitioner:

| The Court: | . . . Mr. Harper, could you please turn to page six of the Rule 11, paragraph six, entitled waiver of appeal? |
| --- | --- |
| Mr. Scharg: | Your Honor, I'm sorry. I don't have the Rule 11 — |
| Mr. Chadwell: | I have it for you. |
| The Court: | Got it. Good. Okay. It reads, "The defendant, being you, waives any right he may have appeal his conviction. If the sentence imposed does not exceed the maximum allowed by part three of this paragraph, defendant also waives any right |

7

> he may have to appeal his sentence. If the sentence imposed
> is within the guideline range determined by paragraph 2(b),
> the government agrees not to appeal this sentence, but retains
> its right to appeal any sentence below that range."
> Sir, did you hear what I just said?

Defendant Harper:      Yes, I did, sir.

(Sentencing Hrg. Trans. at 13–14).

Petitioner did not file a Notice of Appeal with this Court and did not pursue a direct appeal

of his conviction or sentence in the United States Court of Appeals for the Sixth Circuit.

On November 14, 2014, Petitioner, acting *pro se*, filed a Motion to Vacate Sentence under

28 U.S.C. § 2255.[2] (Petr. Mo., Doc. #40).  The Government filed a response to Petitioner's motion

on February 12, 2015, (Gvmt. Resp., Doc. #46), and Petitioner filed a Reply in support of his motion

on March 6, 2015.  (Petr. Reply, Doc. #47).

## STANDARD OF REVIEW

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:
A prisoner in custody under a sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence imposed was in
violation of the Constitution or laws of the United States, or that the court was
without jurisdiction to impose such a sentence, or that the sentence was in excess of
the maximum authorized by law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate, set aside, or correct the
sentence.

28 U.S.C. § 2255.  To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of

an error of constitutional magnitude which has a substantial and injurious effect or influence on the

---

[2] On June 25, 2015, this Court granted Petitioner's Motion for Transcripts (Doc. #35),
thereby allowing Petitioner to obtain transcripts of the Plea Hearing and Sentencing Hearing at
the Government's expense.  (Order, Doc. #48).

guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003). It is well established that when a defendant files a section 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must hold an evidentiary hearing, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b).

## ANALYSIS

Petitioner avers that his trial counsel was ineffective because counsel did not: 1) object to prejudicial statements made by the Government during sentencing; and 2) object to application of the Career Offender Enhancement or to Petitioner's criminal history score. (Petr. Mo. at 8). Petitioner also appears to argue that the Government breached the Plea Agreement when, at the Sentencing Hearing, Government counsel referenced Petitioner's criminal history and suggested that the Government could have sought additional guideline enhancements but did not. (Petr. Mo. at 4).

9

The familiar United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 688 (1984) governs this Court's analysis of ineffective assistance of counsel claims.  "In *Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a defendant to demonstrate that a counsel's performance was so defective as to require reversal of a conviction . . . ."  *Lint v. Preselnik*, 542 Fed. App'x 472, 475 (6th Cir. 2013).  "First, the defendant must show that counsel's performance was deficient."  *Strickland*, 466 U.S. at 687.  "Second, the defendant must show that the deficient performance prejudiced the defense."  *Id.*

To establish deficient performance, the defendant must show that "counsel's representation fell below the objective standard of reasonableness."  *Lint,* 542 Fed. App'x at 475, citing *Strickland*, 466 U.S. at 688.  Judicial scrutiny of counsel's performance is highly deferential, and this Court must apply the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct.  *Lint,* 542 Fed. App'x at 475-76, citing *Strickland*, 466 U.S. at 689.  "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Strickland*, 466 U.S. at 690.  Thus, Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  The likelihood of a different result "must be substantial, not just conceivable."  *Lint*, 542 Fed. App'x at 476, citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011).

**A.    Trial Counsel's Alleged Failure to Object to Government's Prejudicial Statements at Sentencing**

Petitioner first argues that his trial counsel, Scharg, was ineffective because he did not object to the alleged prejudicial statements made by Government counsel at the Sentencing Hearing. (Petr. Mo. at 2, 3–5). Petitioner claims that, during sentencing, the Government made "repeated and inflammatory references to the Appellant's 'criminal history'" and threatened him "with the filing of a **851** enhancement if he challenges his determined placement on the guidelines." (Petr. Mo. at 4) (emphasis in original). Petitioner does not specify the exact content of the Government's allegedly prejudicial statements.

The Court finds that the transcript of the Sentencing Hearing belies Petitioner's averment that Government counsel made "repeated and inflammatory references to" Petitioner's criminal history. At the sentencing hearing, the Government did point out that 1) "defendant's category five [criminal history category] all by himself"; and 2) the Government could have filed an additional career offender enhancement, but agreed not to as part of the Plea Agreement. (Sentencing Hrg. Trans. at 5–6). However, the Government ultimately *concurred* with Petitioner's Motion for Downward Departure. The Government stated that the Court could give Petitioner "some additional consideration for the fact that these two convictions kind of happened at the same time." (*Id.*). The Government asked the Court for a sentence at the bottom of the guidelines range. (*Id.* at 7). Far from making any "inflammatory" comments regarding Petitioner's criminal history, the Government actually advocated for a lower sentence than what was permitted under the guidelines and the Plea Agreement. Accordingly, Petitioner's trial counsel was not ineffective for failing to object to statements that were not objectionable. For the same reason, the Court finds meritless Petitioner's argument that the Government breached the Plea Agreement by referencing Petitioner's criminal history and stating that it could have, but did not, seek additional career offender enhancements. As

11

such, the Court DENIES Petitioner's motion to the extent that he alleges ineffective assistance of counsel for failure to object to Government's statements at the Sentencing Hearing.

### B.    Trial Counsel's Alleged Failure to Object to Application of Career Offender Enhancement and Criminal History Score

Petitioner next argues that his trial counsel was ineffective because he did not object to application of the Career Offender Enhancement or to Petitioner's criminal history score.

Petitioner's trial counsel appears to have conceded in his Sentencing Memorandum that Petitioner "is a Career Offender which enhances his guideline range pursuant to USSG Section 4B1.1(b)(2)."  (Def. Sentencing Memo., Doc. #32 at 1).  Petitioner's trial counsel also noted, at a later point in the Sentencing Memorandum, that "Defendant Harper believes that he is not a career offender because he was charged and convicted of the same offense in federal and state court." (Sentencing Memo. at 4).  Neither party made any other objections to the Presentence Report, according to an addendum attached to the same.

The Government responds that Petitioner was not prejudiced by trial counsel's failure to object because Petitioner was properly designated as a Career Offender as explained in the Presentence Report.  (Gvmt. Resp. at 7).

The Court finds that, even if Petitioner's trial counsel failed to object to application of the Career Offender Enhancement, Petitioner cannot establish prejudice because application of that enhancement was proper here.

The Career Offender Enhancement is provided for under § 4B1.1 of the Sentencing Guidelines.  It provides that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant

12

offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).[3]

According to U.S.S.G. § 4B1.2, Application Note 3, the provisions set forth in § 4A1.2 "are applicable to the counting of convictions under" the career offender provision. Section 4A1.2(a)(2) comes into play when a defendant has multiple prior convictions. It provides:

> (2)    If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separate if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence . . . .

U.S.S.G. § 41A.2(a)(2).

Here, Petitioner's sentences for the state and federal offenses were not separated by an intervening arrest; Petitioner was arrested for the conduct that lead to the state and federal charges (possession with intent to distribute cocaine in Tennessee federal court and possession of marijuana for resale in Tennessee state court) on the same date and time. (PSR at 7–8). The offenses were not contained in the same charging document because one was prosecuted in federal court and one was prosecuted in state court. Nor were the sentences imposed on the same day: Petitioner was sentenced in U.S. District Court in Chattanooga, Tennessee on January 10, 2000; Petitioner was sentenced in Bradley County Circuit Court in Cleveland, Tennessee on February 11, 2000. Because

---

[3] Here, it is undisputed that (1) and (2) are met. Petitioner appears to dispute that (3) has been satisfied.

13

Petitioner's sentences were not for offenses separated by an intervening arrest and neither of the listed exceptions apply, Petitioner's sentences were properly treated as separate. Accordingly, at the time of sentencing, Petitioner had two felony convictions for controlled substance offenses. The Court therefore concludes that application of the Career Offender Enhancement under § 4B1.1 proper.

Based on the Court's finding that Petitioner was properly sentenced as a Career Offender, the Court concludes that Petitioner could not have been prejudiced by trial counsel's alleged failure to object to that enhancement. Such an objection is without merit and would have been overruled by this Court. *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999) ("Only in a rare case will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under the then-prevailing law.") (citation and internal quotation marks omitted).

Petitioner also alleges that Scharg was ineffective for failing to object to the calculation of his criminal history points. Petitioner does not specify which calculations he alleges are incorrect. Assuming that Petitioner believes that he should not have received points for both his state and federal convictions in Tennessee, the Court finds Petitioner's argument is flawed for the reasons set forth above. The Court DENIES Petitioner's motion to the extent that he alleges ineffective assistance based on a failure to object to the Career Offender Enhancement and/or the criminal history points calculation.

## CONCLUSION & ORDER

For the reasons stated above, the Court ORDERS that Petitioner's § 2255 Motion is DENIED.

14

IT IS SO ORDERED.


Dated:  January 15, 2016                          s/ Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge


I hereby certify that on January 15, 2016, the foregoing document was served on counsel of record via electronic means and upon James O. Harper via First Class mail at the address below:

James Otis Harper 15898074
MCKEAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701

                                                  s/ J. McCoy
                                                  Case Manager